# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN VINCENT MUNIS,<br><br>                    Petitioner,<br><br>     v.<br><br>GAIL LEWIS, Warden,<br><br>                    Respondent.<br>_____ | 1:10-CV-00458 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on March 15, 2010, Petitioner challenges his 1999 conviction in Stanislaus County Superior Court for the first degree murder of his wife. A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction.[1] In case no. 1:00-CV-6227 HGB, the petition was denied on the merits.

---

[1] The Court takes judicial notice of the docket in case no. 1:00-CV-6227 HGB HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

1

**RECOMMENDATION**

2      Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus

3 be DISMISSED as successive.

4      This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

5 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

6 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

7 Within thirty (30) days after service of this Findings and Recommendation, Petitioner may file

8 written objections with the court.  Such a document should be captioned "Objections to Magistrate

9 Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling

10 pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within

11 the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

12 F.2d 1153 (9th Cir. 1991).

13

14      IT IS SO ORDERED.

15      Dated:   **April 7, 2010**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28